IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| MARCOS MACHUCA MARTINEZ, | : | CASE NO. 03-04665(SEK) |
| DEBTOR | : | CHAPTER 7 |
| ------------------------------- | | |
| WIGBERTO LUGO MENDER, as Trustee for the Estate of Maarcos Machuca Martínez, | : | |
| | : | |
| PLAINTIFF | : | ADV. NO. 04-00041 |
| v. | : | |
| PROFIRIO GUADALUPE CARRION | : | |
| DEFENDANT | : | |
| ------------------------------- | | |

FILED & ENTERED

MAR 15 2006

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

OPINION AND ORDER



On the eve of trial of this suit filed to avoid a preferential transfer, the parties briefed the question of whether the obligation evidenced by the mortgage note paid by the Debtor upon the sale of the encumbered realty within the preference period was extinguished by the merger of the creditor and the debtor in the same person. See 31 Laws of P.R. Ann. §3211. Both parties agree that the Supreme Court of P.R. ruled this section of the P.R. Civil Code is not applicable to bearer notes such as the one at hand. Secretario de Hacienda de Puerto Rico v. Tribunal Superior de Puerto Rico, 95 D.P.R. 436, 442-444, 1967 WL 17091(P.R.); Calo Rivera v. Reyes, et al., 115 D.P.R.

123, 127, 2044 WL 270960 (P.R.); <u>R&G Premier Bank of Puerto Rico v. Valentín</u>, 2004 WL 1775632, *3 (P.R.). We also agree. Hence, this point is moot.

Therefore, we order the parties to file simultaneous briefs applying the undisputed facts stated below to the five elements of the preference: i.e., (1) a transfer of estate property occurred to an unsecured creditor; (2) within the ninety day period; (3) on account of an antecedent debt; (4) while the Debtor was insolvent; and (5) that the recipient (Defendant in this proceeding) received as a result of the transfer more than he would receive in a Chapter 7 liquidation. These briefs shall be filed within thirty days. No replies without leave of court. For purposes of this ruling we find the following facts are not disputed and are substantiated by documents of record.

(1) On October 19, 1992, Debtor executed a mortgage note payable to the bearer upon demand, secured by a $450,000 mortgage encumbering certain realty.



(2) On February 17, 1993, Debtor executed a deed whereby he purchased the mentioned realty. He immediately executes a mortgage note for $300,000 payable to R&G Federal Savings Bank, secured by another mortgage encumbering the same realty.

(3) Ten years later, on February 28, 2003, Debtor sells the mentioned realty to Computer Gallery for the sum of $950,000. The $450,000 mortgage note was canceled by a manager's check payable to the Defendant.

(4) Debtor filed this voluntary petition under Chapter 7 of the U.S. Bankruptcy Code on May 7, 2003.

(5) The Trustee filed this complaint on April 2, 2004.

**SO ORDERED**, in San Juan, Puerto Rico, on March 15, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge